**Affirmed and Memorandum Opinion filed April 9, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00813-CV

## IN THE INTEREST OF B.I.C., A CHILD

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2019-01815**

## M E M O R A N D U M   O P I N I O N

The trial court signed a final order of termination on October 17, 2023, terminating Mother's and Father's parental rights with respect to their eight-year-old son, B.I.C. ("Benjamin").[1]  Mother appeals the order and raises several grounds challenging the trial court's temporary orders entered before the culmination of the underlying proceedings.  For the reasons below, we overrule Mother's arguments and affirm the trial court's final order.

---

[1] We refer to B.I.C. using a pseudonym.  *See* Tex. Fam. Code Ann. § 109.002(d).

BACKGROUND

Mother filed an original petition for divorce from Father in January 2019. The Department filed an original petition for intervention, seeking to terminate Mother's and Father's parental rights with respect to Benjamin.[2] The trial court signed an "Order for Protection of a Child in an Emergency and Notice of Hearing" on July 10, 2019, appointing the Department as Benjamin's emergency temporary managing conservator. Following a full adversary hearing held approximately three months later, the trial court appointed the Department as Benjamin's temporary managing conservator.

Temporary orders cannot continue in perpetuity and the Family Code requires the trial court to either commence trial on the merits within one year or grant an extension. *See* Tex. Fam. Code Ann. § 263.401(a). If this deadline is not met, "the suit is automatically dismissed without court order." *Id*. Pursuant to this requirement, the Department twice moved to extend the dismissal deadline applicable to Benjamin's case.

At a September 2021 hearing held on a motion to withdraw filed by Father's attorney, it was discovered that the trial court inadvertently failed to sign an order granting a previous request for extension.[3] On September 7, 2021, the trial court signed a partial order of dismissal with respect to the Department's parental termination suit.

The Department filed a second petition in intervention on September 8, 2021, again seeking to terminate Mother's and Father's parental rights with respect

---

[2] Although this proceeding was initiated by the filing of a petition for divorce, the issues on appeal solely concern the involuntary termination of Mother's parental rights.

[3] A reporter's record for this hearing was not included with the appellate record. However, the parties agree that it was at this hearing the trial court determined that it had failed to sign an order granting an extension.

to Benjamin. The Department also sought an "Order for Protection of a Child in an Emergency and Notice of Hearing." The trial court set an emergency hearing that same day, at which Mother and Father appeared *pro se*. At the conclusion of the hearing, the Department again was appointed as Benjamin's emergency temporary managing conservator. The case was set for a full adversary hearing later that month.

Mother filed a motion to vacate the order of emergency removal and dismiss the Department's petition in intervention, which the trial court denied in an order signed September 22, 2021. Mother filed a motion to reconsider the denial.

Following the full adversary hearing, the trial court signed an order extending the emergency orders and appointing the Department as Benjamin's temporary managing conservator.

A final hearing was held in August 2023. In its final order, the trial court terminated Mother's and Father's parental rights with respect to Benjamin. Mother timely filed a notice of appeal.

## ANALYSIS

In her sole issue on appeal, Mother contends that the trial court abused its discretion when it appointed the Department as Benjamin's temporary managing conservator. Within this issue, Mother appears to raise four arguments:

1. Mother was deprived of her due process rights because neither she nor her attorney received notice of the September 8, 2021 emergency hearing;

2. Mother was not allowed to present oral argument supporting her motion to reconsider the denial of her motion to vacate the order of emergency removal and dismiss the Department's petition in intervention;

3. the trial court's October 26, 2021 temporary order listed an incorrect

3

automatic dismissal date; and

4.     the Department's second petition in intervention violates principles of res judicata.

The substance of Mother's first three arguments addresses the proceedings relevant to the temporary orders that were signed before the final order. But challenges to temporary orders are moot when, as here, they are raised after the signing of a final order. *See, e.g.*, *In re J.J.R.S.*, 627 S.W.3d 211, 226 (Tex. 2021) (declining to reach the mother's challenge to the basis for the trial court's temporary order authorizing the removal of her children, the court held that, because "the trial court has since rendered final judgment . . . , any action on the merits related to the prior temporary order would not affect Mother's rights or interest"); *In re E.R.W.*, 528 S.W.3d 251, 257 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Because the trial court since has rendered a final judgment, Mother's complaints about the temporary orders authorizing emergency removal are moot."); *In re A.K.*, 487 S.W.3d 679, 683 (Tex. App.—San Antonio 2016, no pet.) ("[A] temporary order is superseded by entry of a final order of termination, rendering moot any complaint about the temporary order."). Therefore, we overrule Mother's first three arguments.

In her fourth argument, Mother asserts that res judicata foreclosed the Department's second petition in intervention filed September 8, 2021, the day after the initial petition in intervention was dismissed by operation of law. We disagree.

The Department's original petition in intervention was dismissed by operation of law under Family Code section 263.401(a). *See* Tex. Fam. Code Ann. § 263.401(a) (after signing a temporary order appointing the Department as temporary managing conservator, the trial court must either commence trial on the merits within one year or grant an extension). We previously have held that a

section 263.401(a) dismissal is without prejudice and does not bar the Department from filing a new petition. *See, e.g., In re J.D.A.S.*, No. 14-22-00115-CV, 2022 WL 3365259, at *5 (Tex. App.—Houston [14th Dist.] Aug. 16, 2022, pet. denied) (mem. op.) ("[a]n automatic dismissal under [section 263.401] is without prejudice to refiling"); *In re J.R.*, 652 S.W.3d 508, 515 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) ("Dismissal under section 263.401(a) is without prejudice and the Department may refile its petition for termination.").

Therefore, the Department's initial petition in intervention did not foreclose its ability to file a second petition following the section 263.401(a) dismissal. We overrule Mother's fourth argument.

Having overruled all of Mother's arguments on appeal, we overrule her sole issue in its entirety.

## CONCLUSION

We affirm the trial court's October 17, 2023 final order.


/s/     Meagan Hassan
Justice


Panel consists of Justices Wise, Spain, and Hassan.